**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAOQUIN LI,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>PAMELA BONDI et al.,<br><br>　　　　　　　　Respondents. | Civil Action No. 25-17139 (KMW)<br><br>**OPINION** |

**WILLIAMS,** District Judge:

　　Petitioner Maoquin Li ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued immigration detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1.) Petitioner is detained pursuant to a final order of removal and Respondents have established a significant likelihood of removal in the reasonably foreseeable future. (ECF No. 8.) Therefore, the Petition is denied and the Court's temporary restraining order is dissolved.

**I.　BACKGROUND AND PROCEDURAL HISTORY**

　　Petitioner is a native and citizen of the People's Republic of China ("PRC"). (ECF No. 1 at 4.) He entered the United States without inspection in July 2017. (*Id.*) On September 3, 2017, an Immigration Judge ordered Petitioner removed after he failed to establish a credible fear of persecution. (*Id.* at 5.) Petitioner did not appeal that decision, rendering the removal order administratively final as of that date. (*Id.*)

ICE released Petitioner under an order of supervision on August 20, 2018. (*Id.* at 5.) On April 21, 2025, ICE again took Petitioner into custody and issued a Notice of Revocation of Release stating that his removal was imminent. (*Id.*) Petitioner has remained detained since that time. (*Id.* at 6.)

On November 3, 2025, Petitioner filed the instant Petition, asserting that his detention had become unlawful under 8 U.S.C. § 1231(a)(6) and *Zadvydas v. Davis*, 533 U.S. 678 (2001). (ECF No. 1.) On November 7, 2025, the Court ordered Respondents to answer and temporarily restrained them from transferring Petitioner outside New York or New Jersey during the pendency of this matter. (ECF No. 2.)

Respondents filed a status update on November 26, 2025, advising that removal efforts were ongoing and requesting vacatur of the transfer restriction. (ECF No. 7.) On December 12, 2025, Respondents filed their Answer. (ECF No. 8.) They submitted a sealed exhibit demonstrating that, on November 5, 2025, the PRC issued a valid travel document authorizing Petitioner's repatriation. (ECF No. 9.)

On December 18, 2025, Petitioner filed a Reply in further support of the Petition, reiterating the contention that continued detention is unlawful notwithstanding the issuance of travel documents. (ECF No. 10.)

The matter is now fully briefed and ripe for disposition.

## II.   LEGAL STANDARD

Where a noncitizen is subject to a final order of removal, detention is governed by 8 U.S.C. § 1231(a). The statute provides for a 90-day "removal period," during which detention is mandatory. 8 U.S.C. § 1231(a)(1)–(2). If removal is not effectuated within that period, certain noncitizens—including those who are inadmissible—may remain detained beyond the removal period pursuant to § 1231(a)(6).

In *Zadvydas*, the Supreme Court construed § 1231(a)(6) to authorize post-removal-period detention only for the period reasonably necessary to effect removal. 533 U.S. at 688-689. The Court further established a six-month period of detention that is presumptively reasonable. *Id.* at 701. After six months, a detainee must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If that showing is made, the burden shifts to the Government to rebut it with sufficient evidence. *Id.*

### III. ANALYSIS

There is no dispute that Petitioner is detained pursuant to a final order of removal and that § 1231(a) governs his detention. (ECF No. 1 at 5.) Nor is there any dispute that Petitioner's detention has exceeded six months. (ECF No. 8 at 2.) Under *Zadvydas*, the dispositive question is whether Petitioner has shown that there is no significant likelihood of removal in the reasonably foreseeable future.

He has not. (*See* ECF Nos. 8, 9.)

Respondents have produced concrete, unrebutted evidence demonstrating that the PRC issued a valid travel document for Petitioner on November 5, 2025. (ECF No. 9.) Respondents further represent that ICE is prepared to effectuate Petitioner's removal imminently. (ECF No. 8 at 3.) The existence of a travel document issued by the People's Republic of China is powerful evidence that Petitioner's removal is practically attainable and forthcoming.

Petitioner has offered no evidence suggesting that removal to the People's Republic of China is unlikely, delayed, or speculative. He has not challenged the authenticity of the travel document, nor has he identified any concrete impediment to removal. (*See* ECF No. 10.) Rather, Petitioner relies on speculative assertions regarding the timing of the removal, which are insufficient to satisfy his initial burden under *Zadvydas*. (*Id.*) On this record, Petitioner has failed

to make the required showing, and, Respondents have amply rebutted his arguments with objective evidence of imminent removal. (*See* ECF Nos. 8, 9.)

Accordingly, Petitioner's continued detention under § 1231(a)(6) remains lawful.

### a. No Entitlement to A Bond Hearing

To the extent Petitioner seeks release or a bond hearing, that request is foreclosed as a matter of law. Detention under § 1231(a) does not entitle a noncitizen to a bond hearing before an immigration judge. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 529–34 (2021); *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 579–81 (2022) (clarifying that § 1231(a) governs detention following a final order of removal and contains no statutory entitlement to a bond hearing, immigration judge review, or evidentiary burden on the Government).

Where, as here, detention remains within the bounds authorized by *Zadvydas*, habeas relief in the form of a bond hearing is unavailable.

### b. Temporary Restraining Order

Because the Petition will be denied and Respondents have demonstrated a significant likelihood of imminent removal, the Court's November 7, 2025 Order restricting Petitioner's transfer outside New York or New Jersey is no longer justified. (*See* ECF No. 2.) That Order will be dissolved.

### IV. CONCLUSION

For the foregoing reasons, the Petition for a writ of habeas corpus is DENIED. The Court's November 7, 2025 temporary restraining order is DISSOLVED. Respondents may proceed with Petitioner's removal in accordance with law.

An appropriate Order follows.

Hon. Karen M. Williams,
United States District Judge